IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BERNADETTE MARIE LUKE,

    Plaintiff,

v.                                                  Case No. 3:17-cv-640-RV-GRJ

CHRISTOPHER COX, et al.,

    Defendants.

_____/

## **REPORT AND RECOMMENDATION**

Plaintiff initiated this case by filing a pro se compliant under 28 U.S.C. § 1331. (ECF No. 1.) She was granted leave to proceed as a pauper and thereafter filed an amended complaint. (ECF Nos. 4–5.)

Plaintiff's claims center around the use of the logo "Bikers for Trump" by a non-profit organization, Northwest Florida Bikers for Trump, Inc. ("NWFBT"), which Plaintiff formed, and its 28 state chapters throughout the United States. Plaintiff vaguely refers to the logo as her artwork and purports to have a copyright on the logo, although Plaintiff does not allege that she or NWFBT have a registered copyright. Plaintiff alleges the logo is also used in conjunction with Shopify—an online store—but fails to say what goods and/or services she or NWFBT sell through the online Shopify

store. Plaintiff claims the logo has been used by NWFBT since July 23, 2016.

As Defendants, Plaintiff names (1) Christopher Cox, Owner of Bikers for Trump, LLC, and (2) Mark McGovern, Moderator for Bikers for Trump, LLC. Plaintiff says Defendants falsely claim to have protected trademark rights in the name "Bikers for Trump." Specifically, Plaintiff alleges that Defendants have sent cease and desist letters to nine of the NWFBT chapters demanding that they cease using the logo, which includes the name "Bikers for Trump." Additionally, Defendants sent a notice to Shopify advising Shopify that they owned the trademark "Bikers for Trump" and provided a false trademark registration number. Plaintiff says Shopify then suspended her online store. Plaintiff purports to bring claims against Defendants for federal unfair competition under 15 U.S.C. § 1125(a)(1).

Upon screening the amended complaint the Court identified several deficiencies. (ECF No. 6.) For example, the Court noted that to the extent anyone has a claim, the claim belongs to the juridical entity NWFBT—the non-profit organization using the logo—and not to Plaintiff as an individual. (*Id.*) Plaintiff, however, only listed herself in the body of the amended complaint. Although Plaintiff was granted leave to proceed as a pauper (as an individual in this action) she cannot do so on behalf of NWFBT. *See*

*Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 113 S. Ct. 716, 197 (1993) (the word "person," within the meaning of 28 U.S.C. § 1915(a) includes only natural persons); *In re Rodriguez,* 633 F. App'x 524, 526 (11th Cir. 2015) ("A corporation cannot appear pro se in litigation and must be represented by counsel because it is an artificial entity only able to act through its agents.").

The Court also concluded that the amended complaint failed to state a plausible claim for federal unfair competition under § 1125(a)(1). (ECF No. 6.) And to the extent the amended complaint was liberally construed as attempting to bring state law claims, Plaintiff failed to demonstrate diversity of citizenship under 28 U.S.C. § 1332.

As a result the Court directed Plaintiff by November 30, 2017, to file a second amended complaint and retain counsel to represent NWFBT. (*Id.*) The Court informed Plaintiff that failure to comply within the allotted time, or to show cause why Plaintiff is unable to comply, would result in a recommendation to the district judge that the case be dismissed without further notice for failure to prosecute and for failure to comply with a Court order. (*Id.*)

As of the date of this report and recommendation Plaintiff has failed to file a second amended complaint and failed to retain counsel to

represent NWFBT.

A district court has inherent power to control its docket, which includes dismissing a case. *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 998 (11th Cir. 1983). The Court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order. Fed. R. Civ. P. 41(b). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." *Durham v. Fla. East Coast Ry. Co.*, 385 F.2d 366, 367 (5th Cir. 1967).

Despite a clear directive to file a second amended complaint and retain counsel to represent NWFBT by November 30, 2017, and despite a clear warning that failure to follow the Court's order would result in a recommendation that the case be dismissed, Plaintiff has failed to comply.

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to comply with a Court order and for failure to prosecute.

**IN CHAMBERS**, this 11th day of December 2017.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.